```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____
David R. Ramos,

                Plaintiff,                09CV0090

        v.                           **DECISION**
                                                           **and ORDER**

Michael J. Astrue,
Commissioner of Social Security

                Defendant.
_____

## **INTRODUCTION**

Plaintiff David R. Ramos ("Plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits ("DIB"). Specifically, Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") Robert Harvey denying his application for benefits was against the weight of substantial evidence contained in the record and contrary to applicable legal standards.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12 (c) ("Rule 12(c)"), on the grounds that the ALJ's decision was supported by substantial evidence. This Court finds that the decision of the Commissioner for the reasons set forth below, is not supported by substantial evidence nor in accordance with applicable law, and should be reversed and remanded for further development of the facts.

## Background

Plaintiff injured his right foot in a hunting accident when his shotgun accidently discharged on November 18, 2002. (Tr. 19, 181-82). He underwent multiples surgeries to reconstruct the foot, and later to remove hardware left in the foot from previous operations. (Tr. 19, 158-63). On March 14, 2006, Plaintiff filed an application for DIB, alleging that he was disabled due to his fused right foot and high blood pressure. (Tr. 93, 210). The application was initially denied. (Tr. 25-28). ALJ Robert Harvey held an administrative hearing on May 6, 2008, at which Plaintiff and his attorney appeared, and issued an unfavorable decision on July 11, 2008. (Tr. 207-46, 17-23). The ALJ's decision became the final decision of the Commissioner on December 4, 2008, when the Appeals Council denied Plaintiff's request for review. (Tr. 6-8). On February 5, 2009, Plaintiff timely filed this action. (Plaintiff's Complaint).

## Discussion

### I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of DIB. Additionally, the section directs that when considering such claims, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings are supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp. 265, 267 (S.D.Tex. 1983) (citation omitted). Consequently, the Commissioner moves for an order to affirm the decision pursuant to sentence four of 42 U.S.C. 405(g), which provides "[t]he court shall have the power to enter upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." A remand to the Commissioner for further development of the evidence under 42 U.S.C. 405(g) is appropriate when "there are gaps in the administrative record or the ALJ has applied an improper legal standard." Rosa v. Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999). However, "where the existing Record contains persuasive proof of disability and a remand for further evidentiary proceedings would serve no further purpose, a remand for calculation of benefits is appropriate." White v. Comm. of Soc. Sec., 302 F.Supp.2d 170, 174 (W.D.N.Y. 2004).

## II. The ALJ's determination to deny Plaintiff benefits is not supported by substantial evidence and contains errors of law

In his decision, the ALJ applied the Social Security Administration's five-step sequential analysis.[1] At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 14, 2006. (Tr. 19). At step two, the ALJ determined that Plaintiff's shotgun wound to the right foot, status post right talonavicular cuneiform fusions with illiac crest bone graft, status post hardware removal from the right foot, arthritic right first metatarsal cuneiform joint, and right hindfoot arthodesis were severe within the meaning of the Act. Id. At step three, the ALJ found that Plaintiff's impairments were not severe enough to medically meet or equal one of the listed impairments in 20 C.F.R Part 404, Subpart P, Appendix 1. (Tr. 20). At step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with additional limitations. Id. At step five, the ALJ found that Plaintiff was unable to perform his past relevant work, but could perform other

---

[1] Five step analysis includes: (1) ALJ considers whether claimant is currently engaged in substantial gainful activity; (2) if not, ALJ considers whether claimant has a severe impairment which significantly limits his physical or mental ability to do basic work activities; (3) if claimant suffers such impairment, third inquiry is whether, based solely on medical evidence, claimant has impairment which is listed in regulations Appendix 1, and if so claimant will be considered disabled without considering vocational factors (4) if claimant does not have listed impairment, fourth inquiry is whether, despite claimant's severe impairment, he has residual functional capacity to perform his past work; and (5) if claimant is unable to perform past work, ALJ determines whether claimant could perform other work. See id.

jobs available in significant numbers in the economy. (Tr. 22-23). I do not pass on the merits of the ALJ's determination in steps one and two. However, I find that the ALJ failed to properly apply the correct legal standards in steps three and five. Accordingly, this case should be remanded for further proceedings consistent with this decision.

**A. The ALJ failed to make adequate findings and articulate adequate reasons to support his determination that Plaintiff lacks credibility**

The ALJ dismissed Plaintiff's subjective complaints because he found that Plaintiff was not credible. (Tr. 20). The ALJ determined that Plaintiff's impairment could reasonably be expected to produce Plaintiff's pain and other symptoms.[2] Id. However, he found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible. Id. In doing so, the ALJ failed to apply the correct legal standards.

If an ALJ finds that an individual's statements are not substantiated by objective medical evidence, he or she must make a credibility finding based on "consideration of the entire case record." SSR 96-7p. Objective evidence is not always required to prove disability. See 20 C.F.R. 404.1529(c) and 416.929 (c).

---

[2] In making an RFC determination, the ALJ must determine, based upon the claimant's objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms" that are alleged by the claimant. See 20 C.F.R. §§ 404.1529(a), 416.929(a). Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to do basic work activities.

5

Subjective complaints may establish disability, even if "unaccompanied by positive clinical findings or other 'objective' medical evidence." Green-Younger v. Barnhart, 335 F.3d 99, 108 (2d Cir. 2003) (citing Donato v. Sec. of Dep't of Health and Human Servs., 721 F.2d 414, 418-19 (2d Cir. 1983)). "Careful consideration must be given to any available information about symptoms because subjective descriptions may indicate more severe limitations or restrictions than can be shown by objective medical evidence alone." SSR 96-8p. Thus, the AlJ's assertion that objective medical evidence did not lend support to Plaintiff's complaints of pain is not sufficient grounds to discount his testimony.

When making a credibility finding, in addition to objective medical evidence, an ALJ must consider: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

The ALJ considered only one of the Commissioner's credibility factors. (Tr 20). The ALJ found Plaintiff's failure to take medication was inconsistent with his allegations of throbbing pain. Id. This finding is not substantiated by evidence in the record.

6

Plaintiff testified that he had stopped taking prescription Darvocet for his pain, but instead, took over-the-counter Aleve. (Tr. 231-32).

An AlJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in this case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p. Here, there is insufficient indication that the ALJ properly considered the seven credibility factors. Thus, the ALJ has failed to establish an adequate basis for rejecting Plaintiff's subjective complaints. I find that the ALJ's failure to make a fair credibility assessment constitutes legal error.

**B. The ALJ failed to fully develop the record regarding Plaintiff's limitations**

The ALJ determined that Plaintiff had the RFC to perform sedentary work.³ (Tr. 20). Plaintiff would need to alternative between sitting and standing ever 20 minutes, and could not work in areas where he would be exposed to cold or dampness. Id. Plaintiff had additional limitations on his ability to climb ropes, ladders, and scaffolds, and to work at unprotected heights or with heavy, moving machinery. Id. The ALJ found that Plaintiff was "occasionally

---

³Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Walking and standing is occasionally required. 20 C.F.R. §§ 404.1567(a) and 416.967(a).

7

unable to balance." However, the ALJ failed to fully develop the record regarding the extent of Plaintiff's limitations.

Plaintiff testified that he "can't walk on uneven surface" because he had "no flexion" in his foot and no "give in the ankle." (Tr. 217, 242). Under the act:

> [B]alancing means maintaining body equilibrium to prevent falling when walking, standing, crouching, or running on narrow, slippery, or erratically moving surfaces. If an individual is limited in balancing only on narrow, slippery, or erratically moving surfaces, this would not, by itself, result in a significant erosion of the unskilled sedentary occupational base. However, if an individual is limited in balancing even when standing or walking on level terrain, there may be a significant erosion of the unskilled sedentary occupational base.

SSR 96-9p. An ALJ must "state in the RFC assessment what is meant by limited balancing in order to determine the remaining occupational base." Id. The ALJ failed to explain whether the balancing limitations applied on "narrow, slippery, and erratically moving surfaces" or on level terrain. (Tr. 19, 242). This distinction was pertinent in determining Plaintiff's RFC and in presenting a factually accurate hypothetical to the vocational expert (VE).

The ALJ characterized Plaintiff's balancing limitations as "occasional." The Regulations define "occasional" as occurring from very little up to one-third of the time. SSR 96-9p. Occasional activity would generally total no more than about 2 hours of an 8-hour workday. Id. Here, the ALJ did not ask Plaintiff to specify the time-frame in which his limitations applied. (Tr. 242).

8

Plaintiff's testimony regarding his balancing ability could suggest that Plaintiff is always unable to balance. (Tr. 242). While questioning the VE, the ALJ explained "I said occasional limit which means that it can be done frequently." Id. This is in direct conflict with the Regulation's definition.

Plaintiff testified that he would need to lay down three to four hours in an eight-hour day and would have to keep his foot elevated. (234-35). The ALJ failed to explain why this testimony was not presented to the VE in Plaintiff's RFC assessment.

I find that the ALJ failed to accurately assess and describe the extent of Plaintiff's limitations. Accordingly, the case is remanded for further development of the facts.

## C. The ALJ's finding that Plaintiff was able to perform work that exists in significant numbers was not supported by substantial evidence

The ALJ relied upon a VE's testimony to determine the availability of suitable alternative employment in the national economy. Id. The VE testified that Plaintiff was unable to perform his past relevant work as an industrial cleaner, cell tender, construction worker, or chemical operator and had no transferable skills. (Tr. 238-40). The ALJ first presented the VE with a hypothetical regarding a person with Plaintiff's physical characteristics, work history, age, education and RFC.(Tr. 241-42) The VE determined that the Plaintiff could perform the representative occupations of lock assembler and toy stuffer. Id.

Next - in the presence of the VE - the ALJ re-examined Plaintiff concerning his balancing limitations.(Tr. 242). The Plaintiff responded that he was unable to walk on uneven surfaces. Id. Yet, the ALJ posed a second factually hypothetical inaccurately presenting Plaintiff's balancing limitations as being "occasional." (Tr. 243). The VE responded that Plaintiff with those limitations was unable to perform any job that exists in significant numbers. (Tr. 243-44). The ALJ then choose to reject the VE's testimony on the basis that it was inconsistent with the Dictionary of Occupational Titles ("DOT"). (Tr. 22).

Social Security Ruling 00-4p provides:

Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled.

Here, the ALJ failed to request an explanation for the apparent discrepancy between the VE's testimony and the DOT. (Tr. 243-45). The ALJ merely stated that the DOT and VE's testimony conflicted. (Tr. 22-23).

"Neither the DOT nor the VE or VS evidence automatically 'trumps' when there is a conflict." SSR 00-4p. The DOT may be used for taking "administrative notice of reliable job information." 20 C.F.R. § 404.1566(d)(1). However, the DOT is not the sole source of admissible occupational evidence nor is it entirely comprehensive. See Barker v.

10

Shalala, 40 F.3d 789 (6th Cir. 1994). The ALJ is not required to rely on classifications in the DOT and may instead rely on a VE's testimony, even if it is inconsistent. Conn v. Sec. of Health and Human Servs., 51 F.3d 607, 610 (6th Cir. 1995).

The ALJ reasoned that since the DOT did not identify a balancing requirement in either of the descriptions provided for lock assembler[4] or toy stuffer,[5] he was not required to rely on the VE's testimony. (Tr. 22-23). The VE testified that if Plaintiff had balancing problems even up to a third of the time, he "could be unsafe in the work area" and would not be able to perform any unskilled, sedentary jobs. (Tr. 243). A claimant may "overcome the presumption that the Dictionary's entry for a given job title applies to him by demonstrating that the duties in his particular line of work were not those envisaged by the drafters of the category." DeLoatche v. Heckler, 715 F.2d 148, 151 (4th Cir. 1983). Thus, the mere exclusion of a balancing requirement in the DOT's job descriptions does not invalidate

---

[4]Fastens together parts of locks with screws, bolts, and rivets, using handtools and power tools: Files and fits parts to obtain smooth functioning of lock. Assembles inside lock parts in lock case and rivets side plate in place, using rivet tool. May pack locks in cartons and mark cartons to identify contents. DOT # 706.684-074, Dictionary of Occupational Titles (4th Ed. 1991) available at 1991 WL 679062.

[5]Tends machine that blows filler into stuffed-toy shells: Inserts precut supporting wire into shell. Places shell opening over stuffing machine nozzle. Depresses pedal to blow cotton or chopped foam rubber filler into shell to impart shape to toy. Places stuffed toy in tote box. Records production. May stuff toys by hand. DOT # 731.685-014 available at 1991 WL 679811.

11

the VE's testimony that Plaintiff would be precluded from performing the aforementioned jobs. The VE opined that even a balancing limitation less severe than what Plaintiff described would prevent him from performing his required work duties. (Tr. 243-44).

The VE also testified that if Plaintiff were required to lay down for three hours out of an eight hour workday, he would be unable to keep a job. (Tr. 244). The ALJ ignored this testimony. Moreover, the ALJ provided no explanation for discounting the VE's statements that the Plaintiff's requirement to prop and extend his feet would be impractical in the workplace. (Tr. 244).

The Ninth Circuit has held that "an ALJ may not rely on a vocational expert's testimony without inquiring into and explaining any potential conflicts with the DOT." Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2010)(remanding the case with the instruction that the ALJ properly question the VE in the subsequent hearing). See also Rutherford v. Barnhart, 399 F.3d 546 (3d Cir.2005); Prochaska v. Barnhart, 454 F.3d 731 (7th Cir. 2006); Hackett v. Barnhart, 395 F.3d at 1175 (10th Cir. 2005). In the instant case, the ALJ failed to make this requisite inquiry. The Fifth Circuit has opined that failure to perform the "affirmative duty" set forth in SSR 00-4p does not constitute reversible error, unless the claimant can show they were prejudiced by such error. DeLeon v. Barnhart, 174 Fed. Appx. 201 (5th Cir. 2006). Here, the ALJ's choice to discount the VE's testimony resulted in a finding of "not disabled."

Accordingly, I find that the decision of the Commissioner should be reversed and remanded for a new hearing for the reasons stated in this decision. In particular I find it troubling that the ALJ misrepresented claimant's testimony to the VE stating that his limitations were "occasional" when, in fact, the claimant testified without such qualification and in the presence of the VE that he had difficulty walking on uneven surfaces.[6] (Tr. 242). A hypothetical

---

[6] The relevant portion of the claimant's examination by the ALJ was as follows:

> Q. Sir, when you're on an uneven surface, do you have any problems balancing yourself?
> A. I can't walk on uneven surface.
> Q. It's difficult?
> A. Yes.
>
> (Tr. 242).
>
> RE-EXAMINATION OF VOCATIONAL EXPERT BY ADMINISTRATIVE LAW JUDGE:
>
> Q. All right. Let me, let me add to the, that, if I was add to the last hypothetical that I gave you, <u>occasional limitations</u> in balancing. Would that change your opinion as to these unskilled jobs that such a person could perform? (Emphasis added.)
> . . .
> Q. Are you saying he couldn't perform these jobs with occasional limitation?
> A. If he's got that much balance that he's, if, that he can't balance between zero and a third of the time he's, when he's in the standing mode --
> Q. Uh-huh
> A. -- he would have problems in, in probably keeping up his production levels.
> Q. U-huh. Okay. So in your opinion he wouldn't be able to perform these unskilled jobs with that, that, just adding that occasional –
> A. Yes.
> Q. -- limitations and balancing?
> A. Yes.
>
> (Tr. 243-44).

question must precisely and comprehensively set out every physical and mental impairment of the applicant that the ALJ accepts as true and significant. Varley v. Sec. of Health and Human Servs., 820 F.2d 777, 779 (6th Cir. 1987)(citing Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984)). ("Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question but only if the question accurately portrays [plaintiff's] individual physical and mental impairments.") See also DeLeon v. Sec. of Health and Human Servs., 734 F.2d 930, 934. Therefore, the case is remanded to the Commissioner for clarification of plaintiff's impairments and the extent to which his limitations are taken into consideration in determining the plaintiff's RFC and the performance of other jobs available in the national economy.

## Conclusion

For the reasons set forth above, I find that the Commissioner's decision that Plaintiff is not disabled was based on errors of law and reliance upon the opinions of the vocational expert based upon mischaracterization of the plaintiff's testimony in describing his limitations. This case is remanded to the Commissioner for further proceedings in accordance with this decision.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                s/Michael A. Telesca
                                                MICHAEL A. TELESCA
                                          United States District Judge

DATED: July 19, 2010
       Rochester, New York